United States District Court
Southern District of Texas
**ENTERED**
October 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:17-435 |
| | § | CIVIL NO. 2:20-57 |
| EDGAR ARTEAGA-RIOS, | § | |
|   Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Edgar Arteaga-Rios' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support (D.E. 52), to which the United States of America (the "Government") responded (D.E. 57), and Movant has replied (D.E. 58).

## I. BACKGROUND

In October 2017, Movant pled guilty to possession with intent to distribute more than 100 kilograms of marijuana. The Presentence Investigation Report (PSR, D.E. 25) assigned Movant a base offense level of 24. Two levels were deducted under U.S.S.G. § 2D1.1(b)(17) because Defendant qualified for safety valve, and two levels were added under U.S.S.G. § 3B1.3 because he used a special skill (commercial driver's license) to facilitate the offense. Despite pleading guilty, Movant was not given credit for acceptance of responsibility because he continued to be involved in criminal conduct, which was contrary to U.S.S.G. § 3E1.1. Specifically, he was involved in a gang-related assault of two other inmates while awaiting sentencing.

Movant filed written objections to the PSR, arguing that he should have received credit for acceptance of responsibility because he "was not involved in the assault of the two inmates on December 16, 2017." D.E. 29. At sentencing, the Government offered a video showing the assault from four different angles. The Government also called Major Stacy Galindo of the

1

Coastal Bend Detention Center, who testified that the video showed Movant kicking another inmate during the gang fight. Major Galindo was able to specifically identify Movant in the video and stated that, just before the fight, Movant could be seen meeting with members of the "security threat group" known as "Paisa." 3/20/2018 Sent. Tr., D.E. 43, p. 11. The Court overruled the objection because Movant was "identified as participating in the altercation. And that clearly indicates he has not withdrawn from criminal activity." *Id.* at 33. "It appears to me that you do not deserve acceptance of responsibility. You never know how a fight like that is going to end . . . [H]e could have died. You would be standing before some judge for murder." *Id.* at 37–38.

With a base offense level of 24 and a criminal history category of I, Movant's advisory Guidelines range was 51–63 months' imprisonment. Because he qualified for safety valve, he was not subject to the statutory mandatory minimum sentence of 60 months. Movant was ultimately sentenced to 51 months' imprisonment, to be followed by 5 years' supervised release.

On appeal, Movant argued "that he was entitled to a reduction in his sentence pursuant to § 3E1.1 of the Sentencing Guidelines because he accepted responsibility for his crime by timely pleading guilty and admitting his relevant conduct." *United States v. Arteaga-Rios*, 762 F. App'x 177, 177 (5th Cir. 2019) (unpublished). In affirming this Court's judgment, the Fifth Circuit wrote:

> Arteaga-Rios participated in an assault on other inmates in the detention center in which he was being held awaiting sentencing.
>
> The district court declined to award an adjustment for acceptance of responsibility because Arteaga-Rios had not voluntarily withdrawn from criminal conduct. *See* § 3E1.1, comment. (n.1(B)); *United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990). The district court's determination was not without foundation and was not plainly erroneous. *See Watkins*, 911 F.2d at 985; *United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009).

*Id.* at 177–78.

The Fifth Circuit's mandate issued on March 25, 2019. Movant did not file a petition for a writ of certiorari with the United States Supreme Court. He filed the present motion on February 10, 2020. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion raises the same claim he raised at sentencing and on appeal: "[T]he District Court incorrectly applied the sentencing guidelines by denying [Movant] a 3-level reduction in the offense level for acceptance of responsibility." D.E. 52-1, p. 10.

## III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV. ANALYSIS

Movant alleges that the Court misapplied the Sentencing Guidelines in denying him credit for acceptance of responsibility. "Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.")). Moreover, because this claim was previously raised and denied on direct appeal, Movant may not relitigate it now in a § 2255 motion. *See United States v. Kalish*, 780

F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). Accordingly, this claim is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. That

is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329. Accordingly, Movant is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 52) is **DENIED**, and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 6th day of October, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE